UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

THE CONTINENTAL INSURANCE COMPANY                                    PLAINTIFF

v.                                          No. 5:23-cv-5037

THE CINCINNATI INSURANCE COMPANY;
COLONY INSURANCE COMPANY;
COMMERCE & INDUSTRY INSURANCE COMPANY;
HDI GLOBAL SPECIALTY SE f/k/a INTERNATIONAL
INSURANCE COMPANY OF HANNOVER LTD.;
NATIONAL AMERICAN INSURANCE COMPANY;
SCOTTSDALE INSURANCE COMPANY;
WESTERN WORLD INSURANCE COMPANY; and
JOHN DOE INSURANCE COMPANY(IES) 1–20                                 DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendant HDI Global Specialty SE's ("HDI") motion to dismiss (Doc. 72) and brief in support (Doc. 73), Plaintiff Continental Insurance Company's ("Continental") response in opposition (Doc. 85), and HDI's reply in support of its motion (Doc. 94). For the reasons given below, HDI's motion will be GRANTED.

**I.      Background**

This is a dispute between insurance companies regarding who should defend and indemnify a construction company in underlying litigation. The construction company's entire defense has been provided by Continental. However, Continental claims that seven other insurance companies should be sharing that load with it, and that they have all refused to do so. Therefore, Continental has filed this lawsuit and named those seven companies as defendants (hereinafter, "the Defendant Insurers"), seeking a declaratory judgment that each of them owes the construction company a primary duty of defense in the underlying litigation. Continental also seeks reimbursement of any costs it has paid that exceed its fair share in defending the underlying case.

1

The underlying case involves the following facts.  West Center Partners, LLC ("West Center") hired Thompson Thrift Construction, Inc. ("Thompson Thrift") in May 2013 to design and build a student-housing apartment building ("the Project").  Thompson Thrift, in turn, hired several subcontractors to work on the Project, which was completed in 2014.  In 2019, West Center sued Thompson Thrift, alleging defects in the design and construction of the Project.  That lawsuit was then voluntarily dismissed so the parties could arbitrate the dispute.  The Court will refer to this arbitration as "the West Center Arbitration."  Separately, Thompson Thrift has sued several of its subcontractors under the theory that West Center's claims against it implicate its subcontractors' work on the Project.  That ongoing lawsuit will be referred to in this opinion and order as "the Thompson Thrift Lawsuit."

Thompson Thrift purchased liability insurance from Continental for its work on the Project, so Continental has been providing a defense to Thompson Thrift in the West Center Arbitration, as well as in the lawsuit which preceded it.  Thompson Thrift's subcontractors also purchased liability insurance for their work on the Project from the Defendant Insurers, who are providing defenses to the subcontractors in the Thompson Thrift Lawsuit.  However, Continental claims that the Defendant Insurers are also contractually obligated to provide a defense to Thompson Thrift in the West Center Arbitration, and that they have refused demands to do so, leaving Continental to shoulder the entire expense of a defense that ought to be split between eight different insurers.  In other words, Continental contends that the Defendant Insurers should provide a defense *in favor* of Thompson Thrift in one dispute about the Project at the same time they are providing a defense *against* Thompson Thrift in another dispute about that same Project.

2

One defendant in this case, HDI, has moved for dismissal of Continental's claims against it.[1]  HDI argues that Continental's claims under the relevant policy are governed by Texas law, and that the Texas Anti-Indemnity Act prohibits enforcement of the policy provisions that Continental is invoking.  The motion has been fully briefed and is ripe for decision.

## II.    Legal Standard

Because HDI's motion was filed after its responsive pleading, it is properly construed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) rather than as a motion to dismiss under Rule 12(b)(6).  However, the legal standard governing those two types of motions is identical.  *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).  However, "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).  Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

___

[1] HDI also sought dismissal of cross-claims that were brought against it by codefendant National American Insurance Company ("National").  However, National subsequently voluntarily dismissed its cross-claims against HDI, so that aspect of HDI's motion is now moot and will not be addressed in this order.  *See* Docs. 86–87.

alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

## III.  Discussion

Among the subcontractors that Thompson Thrift hired for the Project was an entity called Prestige Construction & Development, LLC ("Prestige").  *See* Doc. 2, ¶ 21; Doc. 2-7.  Their contract ("the Prestige Contract") included an indemnity clause, under which Prestige agreed to indemnify and defend Thompson Thrift from and against various types of claims "which arise or are in any way connected with" the parties' work on the Project—including for claims arising from Thompson Thrift's concurrent negligence, though not for claims "found to be due to *sole* negligence or willful misconduct of" Thompson Thrift.  *See* Doc. 2, ¶ 22 (emphasis added); Doc. 2-7, p. 14, ¶ 17 (same).  The Prestige Contract also included a clause requiring Prestige to purchase various types of insurance for its work on the Project, and requiring those insurance policies to name Thompson Thrift "as additional insured and [to] provide that such insurance shall be deemed primary insurance to any similar insurance [that Thompson Thrift] may maintain for its own benefit, which shall be excess or secondary but not contributing insurance."  *See* Doc. 2, ¶ 23; Doc. 2-7, pp. 14–15, ¶ 18.  This clause also required that "[e]ach such policy provided by [Prestige] . . . shall provide that the insurer shall defend any suit against . . . [Thompson Thrift] . . . even if such suit is frivolous or fraudulent . . . and that [Prestige] shall indemnify . . . [Thompson Thrift] for costs and expenses, including reasonable attorneys' fees, arising out of or incurred in the defense of such action."  *Id.*  Continental alleges that Prestige ultimately obtained an insurance policy from HDI which provided primary coverage to Thompson Thrift as an additional insured, as required

4

by the Prestige Contract.  *See* Doc. 2, ¶¶ 31–32.  HDI has attached the policy it issued to Prestige as Exhibit 1 to its motion to dismiss.  *See* Doc. 73-1 ("the HDI Policy").[2]

As already noted above, HDI contends that Texas law governs the HDI Policy, and that Texas law invalidates this type of indemnity provision.  On the latter point, HDI seems obviously correct.  The Texas Anti-Indemnity Act ("TAIA") states that:

> *[A] provision in* a construction contract, or in *an agreement collateral to or affecting a construction contract*, is void and unenforceable as against public policy to the extent that it requires an indemnitor to indemnify, hold harmless, or defend a party . . . against a claim caused by the negligence or fault . . . of the indemnitee, its agent or employee, or any third party under the control or supervision of the indemnitee, other than the indemnitor or its agent, employee, or subcontractor of any tier.

Tex. Ins. Code § 151.102 (emphasis added).  The TAIA further provides that:

> *[A]* provision in a construction contract that requires the purchase of additional insured coverage, or any coverage endorsement, or *provision within an insurance policy providing additional insured coverage, is void and unenforceable to the extent that it* requires or *provides coverage the scope of which is prohibited under this subchapter* for an agreement to indemnify, hold harmless, or defend.

*Id.* at § 151.104(a) (emphasis added).  Clearly, then, if the TAIA applies to the HDI Policy, that Policy is unenforceable to the extent it provides additional insured coverage to Thompson Thrift, or otherwise requires HDI to indemnify Thompson Thrift, for Thompson Thrift's own negligence or fault.  Continental does not even attempt to argue otherwise in its response to HDI's motion.

---

[2] Although Thompson Thrift did not attach the HDI Policy to its complaint, the Court may nevertheless consider it when ruling on HDI's motion.  "Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks omitted).  "In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings."  *Id.* (internal quotation marks omitted).  That is the situation here.

As for whether the TAIA applies to the HDI Policy: it does.  Continental's only argument to the contrary is that "the TAIA—like Arkansas' anti-indemnity statute: Ark. Code Ann. § 4-56-104(b)—pertains to construction contracts, *e.g.*, the Thompson Thrift/Prestige Subcontract, not insurance policies."  *See* Doc. 85, p. 7, ¶ 12.  Continental then points out that the Contract contains an Arkansas choice-of-law provision.  *See id.*  This argument is both substantively wrong and beside the point.

First, as to the merits of Continental's argument: as can clearly be seen in the italicized language from Tex. Ins. Code § 151.104(a) above, the TAIA expressly invalidates "a . . . provision within an insurance policy providing additional insured coverage . . . to the extent that it . . . provides coverage the scope of which is prohibited under this subchapter for an agreement to indemnify, hold harmless, or defend."  And lest there be any confusion, this section of the Code is entitled "Unenforceable Additional Insurance Provision."  Finally, the TAIA itself contained a legislative note stating that "[t]he changes in law made by this Act apply to a related . . . insurance policy."  *See* Tex. Sess. Law Serv. Ch. 1292 (H.B. 2093), § 3(b).  The TAIA could not be more clear that it applies not only to construction contracts but also to insurance policies.

Second, it does not matter whether the Prestige Contract contains an Arkansas choice-of-law provision, because Continental's claims against HDI are based on the HDI Policy—not the Prestige Contract to which HDI was not a party.  *See, e.g.*, Doc. 2, ¶¶ 3, 31–32, 51(a) (alleging that HDI "breached its insurance agreement by failing and/or refusing to defend Thompson Thrift" as an additional insured under the Policy).  So the critical question here is not which state's law governs the Contract; rather, it is which state's law governs the Policy.

To determine which state's law governs a dispute, a federal court sitting in diversity must follow its forum state's choice-of-law rules.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S.

6

487, 496 (1941). Here the forum state is Arkansas, which has produced somewhat muddled caselaw on this topic.

Neither party has directed the Court towards any choice-of-law provision in the HDI Policy. Traditionally, when an insurance policy did not contain a choice-of-law provision then Arkansas courts applied the *lex loci contractus* rule, which provided that coverage disputes should be resolved under the law of the state where the policy was made. *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 794 (8th Cir. 2005) (citing *S. Farm Bureau Cas. Ins. Co. v. Craven*, 79 Ark. App. 423, 427–28 (2002)). However, in a couple of insurance cases from 2006 and 2012—the former involving a life insurance policy, and the latter involving a commercial general liability policy—the Arkansas Supreme Court made no mention of the *lex loci contractus* rule, and instead simply applied a five-factor test to determine "which state has the most significant relationship to a particular case," which is the choice-of-law test that Arkansas courts traditionally apply to non-insurance contracts lacking a choice-of-law provision. *See Crisler v. Unum Ins. Co. of Am.*, 366 Ark. 130, 133 (2006); *Scottsdale Ins. Co. v. Morrowland Valley Co., LLC*, 2012 Ark. 247, at *7–*8. Under that test, a court must consider: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Morrowland Valley Co.*, 2012 Ark. 247 at *7. Then, in 2014, the Arkansas Supreme Court held that for automobile insurance policies, "unless some other state has a more significant relationship to the transaction and the parties, the law of the state which the parties understood to be the principal location of the insured risk during the term of the policy controls." *See Hoosier v. Interinsurance Exchange of the Automobile Club*, 2014 Ark. 524, at *5–*6. The majority and the dissent disagreed over whether and to what extent this ruling constituted an abrogation of

precedent, but the majority made clear that to whatever extent it was departing from precedent, it was doing so only with respect to the application of the *lex loci contractus* rule "to automobile-insurance policies." *See id.* at *7 n.2.

Thus, in Arkansas the *lex loci contractus* rule currently appears to be on shaky ground, at best.  On the other hand, the *Hoosier* rule regarding "the principal location of the insured risk" does not seem applicable here either, given that this dispute does not concern an automobile insurance policy.  Therefore, this Court believes the five-factor test from *Morrowland Valley Co.* should be used to determine the choice of law in this case.  Those factors weigh overwhelmingly in favor of applying Texas law to the HDI Policy.  HDI is a German company, *see* Doc. 2, ¶ 11, and Prestige is a Texas company, *see* Doc. 73-1, p. 5.  Texas is also where the Policy was issued.  *See id.*  Given Prestige's location in Texas, four of the five factors favor applying Texas law.  The only factor which favors Arkansas is the location of the subject matter of the contract, as Arkansas is where the work on the Project was performed.  Given this imbalance, the Court has no difficulty concluding that the law of Texas governs the HDI Policy.  And, as already discussed above, under Texas law the Policy is unenforceable to the extent it provides additional insured coverage to Thompson Thrift, or otherwise requires HDI to indemnify Thompson Thrift, for Thompson Thrift's own negligence or fault.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Defendant HDI Global Specialty SE's motion to dismiss (Doc. 72) is GRANTED.  Plaintiff Continental Insurance Company's claims against Defendant HDI are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 1st day of November, 2023.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE